1  Alyson C. Decker (SBN: 252384)
2  THE CHRIS MATTHEW GROUP
   110 East Wilshire, Suite 409
3  Fullerton, California 92832
   Telephone:  (714) 888-2828
4  Email:         alyson.decker@chrismatthewgroup.com
5
   Attorney for Defendant **JOBSOURCE**
6  **MIRA LOMA, INC.**

7

8                **UNITED STATES DISTRICT COURT**

9                **CENTRAL DISTRICT OF CALIFORNIA**

10
   WILLIAM FOX, an individual, and on        CASE NO. 2:20-cv-04543-AB-AFM
11 behalf of all other similarly situated,
                                              Assigned to Hon. André Birotte, Jr.
12                                            Courtroom 7B
              Plaintiff,
13
   v.
14                                            **DEFENDANT JOBSOURCE**
15 DAMCO DISTRIBUTION SERVICES                **MIRA LOMA, INC.'S**
   INC. aka DAMCO DISTRUBUTUION               **OPPOSITION TO PLAINTIFF'S**
16 SERVICES, INC.,  a Delaware                **MOTION FOR AN ORDER TO**
   corporation; WILLIAM PERATT, an            **REMAND CASE TO STATE**
17 individual; JOBSOURCE MIRA LOMA,           **COURT**
18 a California corporation; and DOES 1
   through 100, inclusive,                    **Filed Concurrently With:**
19                                            **Declaration of Miguel Miranda**
                                              **[Proposed] Order**
20            Defendants.
                                              Date:        August 14, 2020
21                                            Time:        10:00 AM
                                              Courtroom: 7B
22
23                                            State Action Filed: April 6, 2020
                                              Removal Filed:      June 20, 2020
24

25

26

27

28

1

## **<u>TABLE OF CONTENTS</u>**

2   I.    INTRODUCTION. ............................................................................... 1

3   II.   STATEMENT OF FACTS. .................................................................. 1

4   III.  ARGUMENT.................................................................................... 2

5        A. Remand Is Improper Because the CAFA Local Controversy Exception Does

6   Not Apply Here. ....................................................................................... 3

7        1.Plaintiff has not met his burden of showing that two-thirds of the putative

8   class members are California citizens........................................................ 3

9        2. Plaintiff has pled a subclass of which only a small unknown number of

10  members were actually employed by the In-State Employer. ................................ 6

11       3..The In-State Employer's conduct does not form a "Significant Basis" for

12  Plaintiff's claims as the In-State Employer had no control over the day-to-day

13  issues that underlie almost all of Plaintiff's claims. .................................................. 8

14       4. The putative class in this case significantly overlaps with the putative

15  class in the pre-existing Shackelford Class Action................................................. 10

16       B. Remand Is Improper Because the CAFA "Mandatory Home-State

17  Controversy" Exception Does Not Apply Here....................................................... 11

18       C. Remand Is Not Appropriate Under the CAFA "Discretionary Home-State

19  Controversy" Exception. ....................................................................................... 13

20       D. No Discovery Is Needed to Determine that this Case Should Not be

21  Remanded. .............................................................................................................. 14

22       E. Plaintiff May Only Seek Attorney's Fees from the Removing Defendant and

23  Is Not Entitled to Recover any Fees from the Non-Removing Defendants. ........... 16

24  IV.   CONCLUSION………………………………………………………..17

25

26

27

28

DEFENDANT JOBSOURCE MIRA LOMA, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR REMAND

1

## <u>TABLE OF AUTHORITIES</u>

2

**CASES**

3

*AM Trust v. UBS AG*,

4

   78 F. Supp. 3d 977, 986-987 (N.D. Cal. 2015) ...................................................... 15

5

*Bell v. Farmers Inc. Group of Cos.*,

6

   2010 WL 11601297 at *3 (C.D. Cal. Sept. 14, 2010) .......................................... 12

7

*Benko v. Quality Loan Serv. Corp.*,

8

   789 F.3d 1111, 1118-1119 (2015) ...................................................................... 7, 8

9

*Bridewell-Sledge v. Blue Cross of Cal.*,

10

   798 F.3d 923, 928 (9th Cir. 2015) .......................................................................... 3

11

*Chalian v. CVS Pharmacy, Inc.*,

12

   2017 WL 1377589 at *3 (C.D. Cal. April 11, 2017) ............................................ 13

13

*Coleman v. Estes Exp. Lines, Inc.*,

14

   631 F.3d 1010, 1015, 1030 (9th Cir. 2011) ............................................................ 7

15

*Coleman v. Estes Express Lines, Inc.*,

16

   730 F. Supp. 2d 1141, 1147, 1151, 1152, 1157 (C.D. Cal. 2010) .................. 2, 3, 8

17

*Corsino v. Perkins*,

18

   2010 WL317418 at *5-7 (C.D. Cal. Jan. 9, 2010) ........................................ 12, 13

19

*Kantor v. Wellesley Galleries, Ltd.*,

20

   704 F.2d 1088, 1090 (9th Cir. 1983) ................................................................ 4, 11

21

*King v. Great American Chicken Corp, Inc.,*

22

   903 F.3d 875, 878-880 (9th Cir. 2018) ............................................................. 5, 11

23

*Martin v. Franklin Capital Corp.*,

24

   546 U.S. 132, 141 (2005) ..................................................................................... 16

25

*Mondragon v. Capital One Auto Finance,*

26

   736 F. 3d 879-880, 882-883 (9th Cir. 2013) .......................................................... 5

27

*Perez v. Nidek Co. Ltd.*,

28

   657 F. Supp. 2d 1156, 1161-1163 (S.D. Cal. 2009) ......................................... 5, 11

*R.A. by and through Altes v. Amazon.com, Inc.*,

    406 F. Supp. 3d 827, 831-833 (C.D. Cal. 2019) ........................................ 2, 3, 8, 9

*Sanchez v. Aviva Life and Annuity Co.*,

    2009 WL 10694222 at *4-5 (E.D. Cal. July 2009) ............................................. 14

*Scanlon v. Curtis Int'l Ltd.*,

    --- F. Supp. 3d ---, 2020 WL 3076065 at *8 (E.D. Cal. June 10, 2020) .............. 15

*Serrano v. 180 Connect, Inc.*,

    478 F.3d 1018, 1024 (9th Cir. 2007)................................................................. 2, 3

*Villalpando v. Exel Direct Inc.*,

    2012 WL 5464620 at *6 (N.D. Cal. Nov. 8, 2012) ............................................ 13

*Waller v. Hewlett-Packard Co.*,

    2011 WL 8601207 at *1, n. 1 (S.D. Cal. May 2011) .......................................... 14

*Wellons v. PNS Stores, Inc.*,

    2019 WL 2099922 at *5 (S.D. Cal. May 14, 2019) ........................................... 13

**STATUTES**

28 U.S.C. § 1332(d)(3)-(4) ................................................................................. passim

DEFENDANT JOBSOURCE MIRA LOMA, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR REMAND

Defendant JobSource Mira Loma, Inc. ("JobSource"), hereby submits its Memorandum of Points and Authorities in Opposition to Plaintiff's Motion for an Order to Remand Case to State Court:

## I.  INTRODUCTION

Defendant Damco Distribution Services, Inc. ("Damco") properly removed this case under the Class Action Fairness Act ("CAFA").  Plaintiff William Fox now seeks to have this case remanded to state court but cannot carry his burden under any of the CAFA exceptions because he has not shown, and cannot show: (1) that two-thirds of the putative class are California citizens, (2) that significant relief is sought from the local employer defendant, (3) that the local employer defendant's conduct forms a significant basis for the putative class's claims, and (4) that the local employer defendant is a primary defendant in this case.  Moreover, because the primary defendant in this case is indisputably an out-of-state defendant who is not a citizen of the state of California and a class action was filed against Damco months before this one raising nearly identical claims and involving a very similarly defined putative class, no amount of speculative "jurisdictional" discovery can fix these two additional fatal shortcomings to Plaintiff's motion for remand. For these reasons, the Court should deny Plaintiff's motion in its entirety.

## II.  STATEMENT OF FACTS

Plaintiff filed his original complaint in state court on April 6, 2020.  *See* Defendant Damco Distribution Services, Inc.'s Notice of Removal of Civil Action at Docket No. 1, Exh. A.  Plaintiff alleged in his original complaint eight wage and hour and derivative causes of action.  *See id.* at Exh. A.  Plaintiff's original complaint, which is largely devoid of actual facts still manages to refer to Plaintiff as both a man and a woman, confuse Plaintiff's position during his employment with the named defendants in this case with the position of a Plaintiff from what appears to be a different case, and also confuses the named defendants in this case with the named defendants from another case.  *See, e.g.*, *id.* at Exh. A, ¶¶ 25, 28,

1

38, and 43.

Damco removed this case to federal court under CAFA on May 20, 2020. *See id.*  Included with the removal paperwork was a notice regarding a prior wage and hour class action filed against Damco on November 6, 2019, entitled *Shackelford v. Simplified Labor Staffing Solution, Inc., et al.* (the "*Shackelford* Action").  *See* Defendant Damco Distribution Services, Inc.'s Notice of Pendency of Other Action at Docket No. 4.  The claims raised in the *Shackleford* Action against Damco are nearly identical to the claims raised in this case by Plaintiff.  *See generally id.*  Likewise, the proposed class definition largely overlaps between the one defined in the *Shackleford* Action and the one defined in this case.  *See generally id.*

Pursuant to a stipulation between the parties and the Court's subsequent order, Plaintiff filed his First Amended Complaint on June 8, 2020.  *See* Amended Order Granting Joint Stipulation Regarding Plaintiff's Filing of Motion to Remand and Extension of Defendants' Deadline to File Responsive Pleading to Plaintiff's Complaint at Docket No. 12; First Amended Class Action Complaint ("FAC") at Docket No. 13.  The only changes made by Plaintiff in the FAC were for the addition of another derivative cause of action, a violation of the Private Attorney General Act ("PAGA") claim.  *See* FAC.

## III.  <u>ARGUMENT</u>

Although the removing party bears the burden of establishing removal jurisdiction pursuant to CAFA, the non-removing party, Plaintiff in this case, bears the burden in proving that a CAFA exception defeats federal jurisdiction.  *See Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1024 (9th Cir. 2007); *R.A. by and through Altes v. Amazon.com, Inc.*, 406 F. Supp. 3d 827, 831 (C.D. Cal. 2019); *Coleman v. Estes Express Lines, Inc.*, 730 F. Supp. 2d 1141, 1147, 1151 (C.D. Cal. 2010).  This places the burden squarely on the plaintiff when the argument for remand is based on either the "local controversy" or "home-state controversy"

exceptions, as is the case here.  *See Serrano.*, 478 F.3d at 1024; *Coleman*, 730 F. Supp. 2d at 1152.

    A. <u>**Remand Is Improper Because the CAFA Local Controversy Exception Does Not Apply Here.1**</u>

      The local controversy exception is a "narrow exception that was carefully drafted to ensure that it does not become a jurisdictional loophole." *Bridewell-Sledge v. Blue Cross of Cal.*, 798 F.3d 923, 928 (9th Cir. 2015) (quoting S. Rep. No. 109-14, at 39 (2005)); *see also R.A.*, 406 F. Supp. 3d at 831.  Thus, federal courts should not decline CAFA jurisdiction under this exception unless several elements are met including, but not limited to, a high level of local class citizenship, a local defendant whose conduct forms a significant basis for the asserted claims, and the absence of other similar class actions.  *See* 28 U.S.C. § 1332(d)(4)(A).  A failure of Plaintiff to carry his burden on any of the six required elements of the local controversy exception means that the case cannot be remanded under this exception.  As Plaintiff's FAC shows on its face that Plaintiff cannot meet his burden as to showing that four of the six requirements are met, the local controversy exception does not apply here and remand under this exception is improper.

      **1. Plaintiff has not met his burden of showing that two-thirds of the putative class members are California citizens.**

      Despite filing a FAC after this case was removed to federal court, Plaintiff remains unable to plead a class where more than two-thirds of its members objectively are California citizens.  This is because, as Plaintiff acknowledges, the

---

[1] For the purposes of this opposition, JobSource does not dispute that it is a citizen of California and that the claimed injuries occurred in California.  Therefore, JobSource does not challenge the arguments raised by Plaintiff at Sections V.A.4.and V.A.5. of Plaintiff's motion.  However, JobSource cannot speak on these issues, nor on any other, for William Peratt, who JobSource believes may have been incorrectly named in this case, nor for Damco.

key issue is whether more than two-thirds of the class were citizens of the United States and domiciled in California at the time that this lawsuit was filed.  *See* Plaintiff's Motion for an Order to Remand Case to State Court ("Plaintiff's Motion for Remand") at 16:27-17:4; *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).  Plaintiff could have pled that as part of his definition for the proposed class in his FAC, or simply limited the class to California citizens, but he chose not to, even after this case had already been removed under CAFA.  Instead, Plaintiff chose to plead a much larger class defined solely as: "[a]ll person who are or were employed by Defendants as nonexempt, hourly-paid employees in California within four years prior to the filing of this complaint until the date of trial."  FAC at ¶ 30.

This class definition includes class members who are non-Citizens of the United States.  This class definition includes people who are not currently domiciled in California or who were no longer living in California at the time of the filing of this lawsuit.  And given that the work in question here is not highly skilled, the pay is close to minimum wage, JobSource is a staffing agency providing temporary and seasonal employees to various businesses, and Damco uses multiple staffing agencies to find temporary and seasonal workers, this putative class encompasses a large number of transitory employees who are not likely to be citizens of California.[2]  *See* Defendant Damco Distribution Services, Inc.'s Notice of Pendency of Other Action at Docket No. 4; Declaration of Miguel Miranda in Support of JobSource's Opposition to Plaintiff's Motion for an Order to Remand Case to State Court ("Miranda Decl.") at ¶¶ 1 and 3.

In fact, Plaintiff could not cite to a single published case within this jurisdiction that supports his novel theory that a class of people who merely worked

---

[2] And determining the current whereabouts of former transitory employees, particularly in the midst of a pandemic, is not something that the parties to this litigation can easily do without attempting to contact each single purported class member.

within California, at some point in time, over the past four years, are automatically deemed citizens of California. For example, Plaintiff has not even come close to the offer of proof made in *Mondragon v. Capital One Auto Finance*, (which was deemed insufficient for a remand), wherein the defined class focused on people who had registered a vehicle for personal use within the state of California, thus, clearly establishing a strong likelihood that such individuals were domiciled within California and citizens of California. *See* 736 F. 3d 880, 882-883 (9th Cir. 2013). There is no such domicile or citizenship inference here, nor would such an inference satisfy the burden of proof placed on a non-removing party for remand.

Furthermore, the FAC here is much more akin to the situation found in the *King v. Great American Chicken Corp, Inc.* case, where the Court held that Plaintiff had not met his burden on this requirement by merely describing a class of people who had worked in California for the Defendants over a multi-year period. *See* 903 F.3d 875, 878-880 (9th Cir. 2018). In fact, the Court in *King* distinguished a fact pattern like the one here from the prior *Mondragon* opinion noting that given "the likelihood that some putative class members were legally domiciled in or subsequently relocated to another state, and the probability that some class members were not United States citizens, we cannot conclude that there was sufficient evidence to support a finding that greater than two-thirds of the putative class members were California citizens." *Id.* at 879-880.

Thus, despite a second bite at the apple, Plaintiff's proposed class continues to encompass a likely large percentage of non-Californian citizens, the first requirement of the local controversy exception is not met, and remand should be denied. *See* 28 U.S.C. § 1332(d)(4)(A)(i)(I); *see also Perez v. Nidek Co. Ltd.*, 657 F. Supp. 2d 1156, 1161-1163 (S.D. Cal. 2009) ("Although the members of the proposed class underwent hyperopic surgery in California, there is no evidence that 2/3 of them actually resided and continue to reside in California.").

///

DEFENDANT JOBSOURCE MIRA LOMA, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR REMAND

**2. Plaintiff has pled a subclass of which only a small unknown number of members were actually employed by the In-State Employer.**

The second requirement of the local controversy exception requires that at least one local citizen defendant be a defendant from which "significant relief is sought by members of the plaintiff class." 28 U.S.C. § 1332(d)(4)(A)(i)(II)(aa). This is not just some relief. Not just some small portion of the overall relief sought in the case. But a quantifiable, significant amount of relief sought from the in-state defendant. A plaintiff cannot satisfy this requirement solely by naming an in-state employer as a co-defendant for an unknown portion of a class composed of employees of multiple defendants. If that were the case, there would never be any case in which this requirement was not met because plaintiffs could name just one in-state defendant, like a supervisor, connected to just one or two employees, to completely avoid CAFA, thereby exploding this narrow exception into a gaping wide loophole.

Plaintiff's FAC, which remains a poor copy and paste job referring to the Plaintiff as both a man and a woman, naming the defendants as DHL in the text of the complaint, and misidentifying the positions that Plaintiff worked while on assignment at Damco, among many other incorrect factual assertions, does not, as counsel for Plaintiff incorrectly states limit the putative class to only employees of JobSource who were assigned to work at Damco. Rather, the putative class includes all employees who worked at Damco, of which only a small subset were actually JobSource employees. As Damco stated in its notice of removal, it estimates the class of non-exempt direct employees employed by Damco from April 6, 2016 to December 31, 2019 was 462. *See* Defendant Damco Distribution Services, Inc.'s Notice of Removal of Civil Action at Docket No. 1 at 9:2-10:13. This number does not include JobSource employees. Furthermore, JobSource was not providing employees to Damco until November of 2017. *See* Miguel Decl. at ¶

DEFENDANT JOBSOURCE MIRA LOMA, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR REMAND

2.  Thus, JobSource is not even a defendant for over a fourth of the class claim period.  And Damco, as is apparent in the *Shackelford* Action, utilized staffing agencies other than JobSource during the class period.  Thus, Plaintiff's statements that all the putative class members were employed by the in-state employer, JobSource, is simply disingenuous.

Furthermore, as Plaintiff acknowledges, JobSource is just a temporary staffing agency.  As is common knowledge, staffing agencies typically do not have day-to-day control over employees assigned to work at client sites.  This means that Plaintiff will likely not be able seek injunctive or other equitable relief from JobSource as a staffing agency has no control and there is nothing to enjoin.  Nor would JobSource be capable of complying with any such injunction issued in this case.  Thus, this situation here is very different from that presented in the *Benko* decision on which Plaintiff relies, where the equitable relief sought "significantly increase[d] the overall value of the judgment" and where there was no issue that the "'the local defendant would be incapable of complying with an injunction.'" *Benko v. Quality Loan Serv. Corp.*, 789 F.3d 1111, 1119 (2015) (quoting *Coleman v. Estes Exp. Lines, Inc.*, 631 F.3d 1010, 1030 (9th Cir. 2011) (internal parentheticals removed).).  In short, only a small portion of the overall requested relief is actually being sought from JobSource, particularly as only a small but unknown number of the putative class would even be seeking such relief against JobSource and Plaintiff will likely not be able to seek any equitable relief from JobSource.

Had Plaintiff actually redefined the definition of the putative class in his FAC, which was once again filed after this case had already been removed, and limited it solely to JobSource temporary employees assigned to work at Damco, perhaps this "significant relief" requirement would have been satisfied, but he chose not to do so and cannot now claim the class is defined differently than it was pled.  *See, e.g.*, *Coleman v. Estes Exp. Lines, Inc.*, 631 F.3d 1010, 1015 (9th Cir. 2011) ("The word 'sought' focuses attention on the plaintiff's claim for relief—that

is, on what is 'sought' in the complaint[.]").  As, Plaintiff cannot meet his burden on this requirement of "significant relief", the case cannot be remanded because the local controversy exception is not met.

### 3. The In-State Employer's conduct does not form a "Significant Basis" for Plaintiff's claims as the In-State Employer had no control over the day-to-day issues that underlie almost all of Plaintiff's claims.

Plaintiff also bears the burden in showing that the in-state employer's conduct "forms a significant basis for the claims asserted by the proposed plaintiff class."  28 U.S.C. § 1332(d)(4)(A)(i)(II)(bb).  When making the determination as to what conduct is sufficient to be considered a "significant" basis for the class's claims, Courts have to consider the conduct of the local defendant "in the context of the overall claims asserted."  *R.A.*, 406 F. Supp. 3d at 832 (quoting *Benko*, 789 F.3d at 1118).  In fact, "the local defendant's alleged conduct must be an *important* ground for the asserted claims in view of the alleged conduct of all the [d]efendants."  *Id.* (quoting *Coleman v. Estes Exp. Lines, Inc.*, 730 F. Supp. 2d 1141, 1157 (C.D. Cal. 2010), aff'd 631 F.3d 1010 (9th Cir. 2011) (emphasis and edits in original)).

Plaintiff's only argument that this element is satisfied is based on the entirely false premise that 100% of the putative class was employed by JobSource.  *See* Plaintiff's Motion for Remand at 21:22-27.  As discussed above, JobSource only started sending temporary employees to Damco after more than one year of the alleged class period had already passed.  *See* Miranda Decl. at ¶ 2.  Furthermore, as acknowledged by Plaintiff, Damco utilized staffing agencies other than JobSource during the class period, once again evidencing that less than 100% of the putative class was employed by JobSource.

Additionally, JobSource is just, as Plaintiff acknowledges, a temporary staffing agency.  As with any staffing agency, it does not have day-to-day control

over employees assigned to work at a client site.  This means that contrary to Plaintiff's broad statements, JobSource has not "violated or caused to be violated" many if not all of the labor code violations alleged in this case.  Even if JobSource's conduct might be the basis for a small number of the claims of just a portion of the putative class, that does not, by any means, rise to the required "significant" basis for the entirety of the claims asserted by the putative class.  *See, e.g.*, *R.A.*, 406 F. Supp. 3d at 832.

Moreover, as in the *R.A.* case where the Court held that the plaintiff had failed to meet their burden on the significant basis requirement, here, the FAC is essentially completely devoid of allegations that specifically address JobSource. *See id.*  Instead, Plaintiff makes general allegations against all of the Defendants as if they were the same entity, which makes it all but impossible to tell which allegations relate to which of the three defendants named in this case.  *See id.* "Failing to specifically allege what conduct the local defendant engaged in oftentimes frustrates a plaintiff's ability to establish the significance of a local defendant."  *Id.* at 832-833.  And it is important that a plaintiff parse out the conduct of the local defendant instead of simply copying and pasting conclusory allegations from other filed complaints because "[w]ithout specific allegations regarding the conduct of the local defendant, courts would struggle to identify which cases are 'truly local controvers[ies]'", (*id*. at 833 (quoting S. Rep. No. 109-14 at 38)), "'that uniquely affect[] a particular locality to the exclusion of all others.'" *Id.* (quoting S. Rep. No. 109-14 at 38).

As Plaintiff's FAC does not establish that JobSource's conduct forms a significant basis for the totality of the claims asserted, Plaintiff has failed to meet his burden as to yet another required element of the local controversy exception and his request for remand must be denied.

///

///

DEFENDANT JOBSOURCE MIRA LOMA, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR REMAND

**4. The putative class in this case significantly overlaps with the putative class in the pre-existing *Shackelford* Class Action.**

The last element of the local controversy exception states that the exception does not apply if within the three years prior to the filing of the current complaint, another "class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons." 28 U.S.C. § 1332(d)(4)(A)(ii). Plaintiff acknowledges that there is a current pending class action, the *Shackelford* Action, that was filed against Damco within the past three years, in fact, months before this current case was filed. Moreover, Plaintiff is aware that the *Shackelford* Action involves nearly identical wage and hour claims as asserted here. *See generally* Defendant Damco Distribution Services, Inc.'s Notice of Pendency of Other Action at Docket No. 4. Furthermore, there are overlapping class members in both this class action and the *Shackelford* Action. *See generally id.*

It does not matter that JobSource was not named in the *Shackelford* Action for the statute requires that only one defendant need be named in the other class action for this exception to fail. *See* 28 U.S.C. § 1332(d)(4)(A)(ii). Nor does it require that all the claims be pled in the exact same way as in the *Shackelford* Action, as there only need to be similar factual allegations, which there clearly are in these two wage and hour class actions. *See id.* Nor does it matter that the *Shackelford* Action might be ordered to arbitration, because that is not the test laid out by CAFA. And Plaintiff could find no legal support for his theory that a class action that might be ordered to arbitration is no longer a filed class action. The issue is solely whether another class action has been filed within the relevant time period, and it has. *See id.*

Therefore, because it is clear that there is another class action pending against Damco based on similar factual allegations, Plaintiff has failed to meet his burden on yet another requirement of the local controversy exception and this case

1  cannot be remanded.

2  **B. <u>Remand Is Improper Because the CAFA "Mandatory Home-State</u>**

3  **<u>Controversy" Exception Does Not Apply Here.</u>**

4  The mandatory home-state controversy exception requires that both "two-

5  thirds or more of the members of all proposed plaintiff classes in the aggregate, and

6  the primary defendants, [be] citizens of the State in which the action was originally

7  filed." 28 U.S.C. § 1332(d)(4)(B). This exception is even less forgiving than the

8  local controversy exception discussed above and, for many of the same reasons,

9  Plaintiff cannot meet his burden to show that the mandatory home-state controversy

10  exception applies.

11  As discussed above, despite filing a FAC after this case was removed to

12  federal court, Plaintiff has not pled a class where more than two-thirds of its

13  members are California citizens. His definition of "[a]ll persons who are or were

14  employed by Defendants as nonexempt, hourly-paid employees in California within

15  four years prior to the filing of this complaint unit the date of trial" does not in any

16  way mean that more than two-thirds of the class were citizens of the United States

17  and domiciled in California at the time that this lawsuit was filed. *Compare* FAC at

18  ¶ 30 to *Kantor*, 704 F.2d at 1090 and *King*, 903 F.3d at 878-880 (holding that

19  Plaintiff had not met his burden of showing that two-thirds or more of the members

20  of the proposed class were citizens of California by merely describing a class of

21  people who had worked in California for the defendants over a multi-year period)

22  and *Perez*, 657 F. Supp. 2d at 1161-1163 ("Although the members of the proposed

23  class underwent hyperopic surgery in California, there is no evidence that 2/3 of

24  them actually resided and continue to reside in California.").

25  Rather, the current class definition specifically includes individuals who are

26  non-citizens of the United States and who are not currently domiciled in California

27  or who were no longer living in California at the time of the filing of this lawsuit.

28  *See King*, 903 F.3d at 879-880 (noting that given "the likelihood that some putative

11

class members were legally domiciled in or subsequently relocated to another state, and the probability that some class members were not United States citizens, we cannot conclude that there was sufficient evidence to support a finding that greater than two-thirds of the putative class members were California citizens.").  Not to mention that given that JobSource is one of several staffing agencies providing temporary and seasonal employees to Damco, the work in question here is not highly skilled, and the pay is close to minimum wage, the putative class is likely to include a large number of transitory employees who are not likely to be citizens of California.

Second, the unpublished case law Plaintiff cites to, and the even smaller amount of those cases that actually discuss the mandatory home-state controversy, make clear that JobSource, the only in-state employer defendant, is not a "primary" defendant in this case.  *See, e.g.*, *Corsino v. Perkins*, 2010 WL317418 at *5-7 (C.D. Cal. Jan. 9, 2010).  This is because, according to the "settled judicial understanding of 'primary defendants'" a primary defendant is limited to those defendants who "hav[e] a dominant relation to the subject matter of the controversy, in contrast to other defendants who played a secondary role by merely assisting in the alleged wrongdoing, or who are only vicariously liable." *Id.* at *7 (citation omitted).  This is in keeping with the intent of the drafters of CAFA, who had intended that primary defendants be limited to the real targets of the lawsuit.  *See id.* at *5.  Moreover, Courts typically only define one defendant as the "primary" defendant. *See Bell v. Farmers Inc. Group of Cos.*, 2010 WL 11601297 at *3 (C.D. Cal. Sept. 14, 2010) ("When a CAFA class action lawsuit involves more than one defendant, assigning one the status of 'primary defendant' becomes important to a federal court's subject matter jurisdiction.").

Here, JobSource, a temporary staffing agency, is the very definition of a secondary defendant.  JobSource only started sending temporary employees to Damco more than one year after the alleged class period had already started.  *See*

Miranda Decl. at ¶ 2.  Furthermore, Damco utilized staffing agencies other than JobSource during the class period, once again evidencing that JobSource is just one of a number of potential co-employers of the putative class, the bulk of which is employed directly and only by Damco.  *See* Defendant Damco Distribution Services, Inc.'s Notice of Pendency of Other Action at Docket No. 4.  And, unlike a primary defendant, a staffing agency does not typically have day-to-day control over employees assigned to work at a client site.  Thus, unlike a primary defendant, JobSource played a secondary role by, at worst, merely assisting in the alleged wrongdoing by assigning employees to work at this client location.  *See Corsino*, 2010 WL317418 at *7; *Wellons v. PNS Stores, Inc.*, 2019 WL 2099922 at *5 (S.D. Cal. May 14, 2019).

Furthermore, even if JobSource was to be considered a primary defendant, as noted in *Corsino*, "courts 'agree that the term 'the primary defendants' means that all primary defendants must be citizens of the state concerned.'"  2010 WL317418 at *5 (citations omitted); *see also Chalian v. CVS Pharmacy, Inc.*, 2017 WL 1377589 at *3 (C.D. Cal. April 11, 2017); *Villalpando v. Exel Direct Inc.*, 2012 WL 5464620 at *6 (N.D. Cal. Nov. 8, 2012).  Here there is no dispute that Damco, a primary defendant, is not a citizen of California.  Thus, Plaintiff simply cannot carry his burden on this exception and, as with the local controversy exception, this case cannot be remanded under the mandatory home-state exception.  *See* 28 U.S.C. § 1332(d)(4)(B).

### C. Remand Is Not Appropriate Under the CAFA "Discretionary Home-State Controversy" Exception.

Unlike the two other exceptions raised in Plaintiff's motion for remand, the discretionary home-state controversy exception is, like the name implies, completely discretionary.  *See* 28 U.S.C. § 1332(d)(3).  However, for the discretionary home-state controversy to even come into play, "it requires that the primary defendants be citizens of California", which, as discussed above, is not the

case.  *Waller v. Hewlett-Packard Co.*, 2011 WL 8601207 at *1, n. 1 (S.D. Cal. May 2011); *see also* 28 U.S.C. § 1332(d)(3); *Sanchez v. Aviva Life and Annuity Co.*, 2009 WL 10694222 at *4-5 (E.D. Cal. July 2009) (noting in a case with multiple "primary" defendants that the failure of all of the primary defendants to be Californian citizens was fatal to this exception).

Moreover, as several of the factors lean against remand, there is simply no reason why a remand under this exception would be appropriate in this case.[3]  *See* 28 U.S.C. § 1332(d)(3).  For example, Plaintiff could have repled his FAC, which was filed after removal, to avoid federal jurisdiction, but he purposely chose not to.  *See* 28 U.S.C. § 1332(d)(3)(C).  Likewise, and as Plaintiff is well aware, "during the 3-year period preceding the filing of that class action, 1 or more other class actions asserting the same or similar claims on behalf of the same or other persons have been filed."  28 U.S.C. § 1332(d)(3)(F); *see also* Defendant Damco Distribution Services, Inc.'s Notice of Pendency of Other Action at Docket No. 4.  There is no loophole in this factor for arbitration, resolution, or anything else, all that matters is whether another such action has been filed, and it has.

As Plaintiff fails to satisfy the two required elements of the discretionary home-state controversy, and is also unable to show that a preponderance of factors listed under this exception favor remand, remand pursuant to this exception is also foreclosed.

**D. <u>No Discovery Is Needed to Determine that this Case Should Not be Remanded.</u>**

Plaintiff cannot cure the defects in his first amended complaint with

---

[3] Interestingly, in arguing that factor (E) leans toward remand, Plaintiff seems to acknowledge that less than two-thirds of the putative class are California citizens, further driving home the fact that a key element in both of the mandatory remand exceptions discussed above is not met.  *See* Plaintiff's Motion for Remand at 28:10-11.

discovery.  In fact, the only issue on which discovery would be relevant to, and the only issue for which Plaintiff requests such discovery, would be with regard to determining the citizenship of all of the putative class members in this case.  And this is only at issue because Plaintiff chose in both his original complaint and FAC not to limit the putative class to California citizens.  However, Plaintiff's motion to remand fails even if he were to prevail on his two-thirds arguments.  Therefore, this motion to remand can, and should, be decided based solely on the pleadings as there is no need to conduct any "jurisdictional" discovery.  *See, e.g.*, *Scanlon v. Curtis Int'l Ltd.*, --- F. Supp. 3d ---, 2020 WL 3076065 at \*8 (E.D. Cal. June 10, 2020) (denying a request for jurisdictional discovery when it would likely have had no impact on the determination of jurisdiction); *AM Trust v. UBS AG*, 78 F. Supp. 3d 977, 986-987 (N.D. Cal. 2015) (same).

Furthermore, given that we have not yet briefed the viability of Plaintiff's claims via a motion to dismiss and we are far away from the class certification phase of this case, the discovery Plaintiff is seeking, which is both incredibly burdensome and expensive, is simply inappropriate at such an early stage in the case.  The requested discovery also raises numerous privacy concerns for hundreds of individuals who may not want their contact information and citizenship status provided to Plaintiff and his attorney.  Not to mention that normally the information that Plaintiff is requesting would not be produced prior to the certification of a class as it would require Defendants to turn over the private and constitutionally protected confidential information of hundreds of current and former employees.  Additionally, compiling such information is a significant task that would take JobSource several weeks to complete, and just for those individuals it assigned to work at Damco, especially given staffing reductions caused by COVID closures and reductions in workforces across Southern California.  *See* Miguel Decl. at ¶ 4.

Moreover, Plaintiff would still need to contact every single putative class member, in the midst of a pandemic, to determine their current and former

15

DEFENDANT JOBSOURCE MIRA LOMA, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR REMAND

1   whereabouts and enquire into their citizenship status.  And it is not hard to believe

2   that many people would likely not be interested in responding at this time.  Nor is it

3   even clear that Plaintiff could afford such an undertaking at this time and this is a

4   burden which should not be passed onto defendants when it is not even clear if

5   Plaintiff's error ridden FAC will survive a motion to dismiss.

6          E.  **Plaintiff May Only Seek Attorney's Fees from the Removing**

7            **Defendant and Is Not Entitled to Recover any Fees from the Non-**

8            **Removing Defendants.**

9         Even if this case were to be remanded, Plaintiff's highly inflated attorney's

10  fees request should be denied because Damco had an objectively reasonable basis

11  to seek removal.[4]  *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

12  But if it is remanded and fees are awarded, the Court should note that Plaintiff

13  limits his request for attorney's fees solely as to the removing defendant.  Here,

14  JobSource agrees with Plaintiff that Plaintiff would only be able to recover

15  attorney's fees from Damco, the removing party, and would not be able to recover

16  any attorney's fees from the remaining two non-removing defendants, one of whom

17  is JobSource.  *See, e.g.*, *id.* at 141. ("Absent unusual circumstances, courts may

18  award attorney's fees under § 1447(c) only where the removing party lacked an

19  objectively reasonable basis for seeking removal.").

20  ///

21  ///

22  ///

23  ///

24  ///

25  _____

26  [4] It appears that counsel for Plaintiff has incorrectly quoted and cited to the syllabus

27  describing the *Martin v. Franklin Capital Corp.* decision as a holding contained
    within the actual opinion issued by the Supreme Court.  In doing so, counsel for

28  Plaintiff appears to have inadvertently stated a higher burden for justifying removal
    than actually exists.

DEFENDANT JOBSOURCE MIRA LOMA, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR REMAND

**IV.** **CONCLUSION**

As Plaintiff is unable to carry his burden in proving that any CAFA exception defeats federal jurisdiction in this case, Plaintiff's motion to remand this case should be denied in its entirety and the case should proceed forward before this Court.

Dated:  July 24, 2020                                    **CHRIS MATTHEW GROUP**


                                                         By: /s/ Alyson C. Decker
                                                         ALYSON C. DECKER
                                                         ATTORNEY FOR DEFENDANT
                                                         JOBSOURCE MIRA LOMA, INC.

DEFENDANT JOBSOURCE MIRA LOMA, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR REMAND

1
2

# **PROOF OF SERVICE**

## **STATE OF CALIFORNIA, COUNTY OF ORANGE**

3
4

      I am employed in the County of Orange County, State of California. I am over the age of eighteen years, and not a party to the within action. My business address is: 110 Wilshire Ave., Suite 307, Fullerton, CA 92832.

5
6
7

      On July 24, 2020, I served the foregoing document(s) described as **DEFENDANT JOBSOURCE MIRA LOMA'S OPPOSITION TO PLAINTIFF'S MOTION FOR AN ORDER TO REMAND; DECLARATION OF MIGUEL MIRANDA; [PROPOSED] ORDER DENYING PLAINTIFF'S MOTION** on the interested parties in this action, by placing _____ the original _X_ a true copy thereof enclosed in a sealed envelope addressed as follows:

8
9
10
11
12

Daniel Srourian, Esq.
SROIRIAN LAW FIRM, P.C.
3435 Wilshire Blvd., Suite 1710
Los Angeles, CA 90010
daniel@slfla.com

Mark D. Kemple
kemplem@gtlaw.com
Michael A. Wertheim
wertheimm@gtlaw.com
GREENBERG TRAURIG, LLP
1840 Century Park East, Ste. 1900
Los Angeles, CA 90067

13
14
15
16

_____ **(BY FIRST CLASS MAIL)** _____ **(BY EXPRESS MAIL)** I caused such envelope with postage thereon fully prepared to be placed in the United States mail at Fullerton, California. I am readily familiar with the firms practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

17
18

_XX_ **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document.

19
20

_____ **(BY PERSONAL SERVICE)** I delivered such envelope by hand to the office of the addressee.

21

_____ **(EMAIL):** by causing a true copy thereof to be emailed to the person or office, as indicated, at the email address(es) set forth above.

22
23

_X_ **(State)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

24

      Executed on July 24, 2020, at Fullerton, California.

25

*Alicia Ashworth*
ALICIA ASHWORTH

26
27
28

18